UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BiCoastal Productions, Inc.,

Plaintiff,

v.

Broadcast Music Inc.,

Defendant.

26-CV-720 (DEH)

ORDER

DALE E. HO, United States District Judge:

Defendant has moved to redact a letter filed in opposition to one of Plaintiff's pending discovery motions, and to seal an exhibit attached to the letter. ECF No. 45 (seeking sealing of ECF No. 46 (redacted version publicly filed at ECF No. 45), and ECF No. 46-1). Plaintiff has also moved to file a redacted letter and exhibits submitted in connection with one of its discovery motions. ECF No. 52 (seeking sealing of ECF No. 53 (later filed in unredacted form at ECF No. 59), ECF No. 53-2, ECF No. 53-3, ECF No. 53-4, and ECF No. 53-5 (redacted version publicly filed at ECF No. 54-5).

The documents the parties seek to seal or file with redactions are unquestionably judicial documents, however they are submitted in connection with an ancillary discovery dispute, so a lower presumption of public access attaches to the documents in question. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006). Upon review of the documents, the Court concludes that the interests asserted by the parties, including the protection of sensitive business information are present. *See Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 570, 608 (S.D.N.Y. 2022) (competing considerations may include the protection of "sensitive business information," the release of which could cause a litigant "competitive harm.").

Defendant's requests is **GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.** The proposed redactions to ECF No. 46 (at ECF No. 45) are sufficiently narrowly tailored. The request to seal ECF No. 46 is therefore **GRANTED**. However, Defendant seeks to seal in its entirety an entire document, ECF No. 46-1. Defendant has not demonstrated that wholesale sealing of this document is appropriate as opposed to more narrowly tailored redactions. The request to seal ECF No. 46-1 is therefore **DENIED WITHOUT PREJUDICE**.

Plaintiff's request is **GRANTED**. the proposed redactions to ECF No. 53-5 (at ECF No. 54-5) are narrowly tailored. With respect to ECF Nos. 53-2, 53-3, and 53-4, Plaintiff seeks sealing on these documents only at the request of Defendant, pending a request for permanent sealing from Defendant. That request is **GRANTED**.

ECF Nos. 46 and 53-5 shall remain under seal. ECF Nos. 46-1, 53-2, 53-3, and 53-4 shall remain temporarily under seal for twenty-one (21) days. During that period, Defendant may file a motion seeking sealing or more narrowly tailored redactions to these documents, supported by citation to authority granting the redaction of similar information. If any such motion is filed, the Court will maintain any documents subject to such motion under temporary seal pending resolution of the motion. If no such motion with respect to some or all of these documents is filed in that period, the Court will direct that any documents and material for which no motion is filed shall be unsealed.

The Clerk of Court is respectfully directed to close ECF Nos. 45 and 52.

SO ORDERED.

Dated: October 1, 2026
New York, New York

DALE E. HO
United States District Judge